## No. 20,336.

GORDON BENJAMIN BROWN *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(375 P. [2d] 675)

Decided October 29, 1962.   Rehearing denied November 19, 1962.

Plaintiff in error, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. George W. Nicastro, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error, to whom we will refer as the defendant, was, by a jury, found guilty of the crime of robbery. Judgment entered on the verdict and the court imposed a sentence of four to seven years in the state penitentiary. Appearing in this court pro se he seeks reversal of the judgment.

If we correctly understand the content of his "brief" filed in this court he contends:

(1) That he was arrested without a warrant and without his consent, in the absence of probable cause "contrary to the Fourth Amendment to the Constitution of the United States * * *."

(2) That the arresting officers searched him and also the house of the person with whom he was visiting at the time of his arrest, which he asserts was "contrary to U.S.C.A. sovereign law of wrongful arrest, search, and seizure; and contrary to the Fourteenth Amendment of the Constitution of the United States * * *."

(3) That the information charged him with the crime

of aggravated robbery in one count and conspiring to commit that offense in a second count. He asserts that the substantive offense and the conspiracy count could not be joined in one information.

■ (4) We gather from the "brief" of defendant, which is an indiscriminate mixture of phrases and legal jargon utterly meaningless, that he demands a new trial for the reason that the trial court submitted to the jury forms of verdict upon which he could have been convicted of the offense of simple robbery as distinguished from aggravated robbery. He was convicted however on the charge of aggravated robbery which accusation included the lesser offense. No authority need be cited for a proposition so well established in the law.

■ (5) He argues that "hearsay evidence" was relied upon by the officers as a basis for his arrest. We know of no rule of law which prohibits the arrest of a bandit, for commission of a felony, by an officer unless the officer is a witness to the commission of the crime. The "hearsay evidence" rule is only applicable to proceedings which take place during the trial of a case and has no application to matters that take place prior to trial.

■ Other paragraphs are contained in the "brief" filed by defendant which are without legal significance and which indicate a complete lack of understanding of the meaning of legal terms and phrases. There is no merit to any of the arguments advanced by defendant. We have, nevertheless, read the full record to determine whether he had a fair trial and conclude that no error was committed which would warrant a new trial.

In very brief summary the record discloses the following facts—and there isn't a single word of evidence which in any manner creates a dispute. The defense called no witnesses. The facts proven are as follows: On June 25, 1960, at about 11:45 A.M., a bandit held up at gunpoint the clerk of the Washington Liquor Store located in Denver, Colorado. He took money and made a successful getaway. He was identified by the victim as

the defendant, Gordon Benjamin Brown. Through the identification by the victim of defendant's photograph, the police went to apartment No. 7 at 1205 East 22nd avenue in the afternoon of June 27, 1960, where they arrested the defendant. A lady present in the apartment informed the police that she was the tenant and the police requested and got her permission to search the apartment. Under the mattress of the bed the police recovered a loaded revolver. Defendant was then living at another address in Denver. The victim identified the revolver recovered by the police as the one that was pointed at him during the robbery. Defendant first orally admitted to the police that he committed the robbery. The oral confession was made at the police building on the very day he was taken into custody. He followed this by a written statement confirming the confession on the following day.

Under the record in this case no intelligent jury could have returned a verdict other than that of guilt.

The judgment is affirmed.